UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAPHAEL ROBERT CALDWELL,          Case No. 1:21-cv-657
    Plaintiff,                                           Black, J.
                                                           Litkovitz, M.J.

    vs.

WEST CHESTER POLICE                         REPORT AND
DEPARTMENT, *et al.*,                              RECOMMENDATION
    Defendants.

On September 21, 2022, defendants filed a motion to dismiss plaintiff's pro se civil rights action. (Doc. 18).[1] The next day, the Court mailed to plaintiff a separate Notice, which advised him that failure to respond to defendants' motion within 21 days from the date listed on its certificate of service could result in the dismissal of his case. (Doc. 19). To date, more than 21 days later, plaintiff has not filed a response to defendants' motion, and the Court's Notice was returned with the notation, "refused[,] unable to forward[.]" (Doc. 20).

On February 13, 2023, the Court issued an Order to plaintiff to show cause, in writing and within 15 days of the date of its Order, why the Court should not dismiss this case for failure to prosecute his action or notify the Court of his change of address. (Doc. 21). The Order notified plaintiff that failure to comply with the terms of the Order would result in a recommendation to the District Judge that this action be dismissed. (*Id.*). To date, more than 15 days later, plaintiff has not filed a response to the Order to show cause. On March 1, 2023, the Order to show cause was returned with the notation, "Released[.]" (Doc. 22).

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v.*

---

[1] The Clerk directed defendants to re-file their motion consistent with S.D. Ohio Civ. R. 5.1(c). (*See* Docs. 16 and 17).

*Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to respond to the Order to Show Cause warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

### IT IS THEREFORE RECOMMENDED THAT:

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 3/6/2023

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RAPHAEL ROBERT CALDWELL,<br>    Plaintiff, | Case No. 1:21-cv-657<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| WEST CHESTER POLICE<br>DEPARTMENT, *et al.*,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).